### KEMP v. ELLIOTT.

(City Court of New York, General Term.  February 3, 1897.)

SUPPLEMENTARY PROCEEDINGS—INTERPRETATION OF ORDER.

An order which imposes a fine on a judgment debtor for paying out money in violation of an order in supplementary proceedings, and denies the application of the judgment creditor as to the excess over the fine of the amount paid out, implies a finding that such excess was paid out for necessaries, and therefore the order will be sustained on an appeal by the creditor.

Appeal from special term.

Action by Peter G. Kemp against Peter F. Elliott.  From so much of an order made in supplementary proceedings as imposes a fine on the judgment debtor for violation of an order against disposing of his property, he appeals; and, from so much of the same order as discharges the application of the judgment creditor for a further fine, he appeals.    Affirmed.

Argued before McCARTHY and CONLAN, JJ.

Johnston & Johnston, for appellant.

Bernard Metzger, for respondent.

CONLAN, J.  The record above shows two appeals from the order of April 27, 1896,—one on the part of the judgment debtor from the order adjudging him guilty of contempt of court, and imposing a fine of $130, and the other on the part of the judgment creditor from so much of the order as reads as follows:

"Further ordered that, as to the balance of the amount disclosed by the examination to have been paid out by the said judgment debtor while said injunction in supplementary proceedings was so pending, said application be, and the same hereby is, denied."

In considering both appeals together, we see no reason for disturbing the order appealed from.  The judgment debtor is clearly guilty of a contempt of court in violating the injunction order; and the court, in fixing the amount that the judgment creditor had been damaged by reason of such violation, must have found that the difference between the amount of the fine, $130, and the amount of the judgment, $202.06, was expended for reasonable and proper necessities, and not, therefore, a violation of the order.    We think this is the interpretation the order appealed from should receive; that the same should be affirmed; and no costs to either party.

McCARTHY, J., concurs.